IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KALVIN BISHOP | |
|---|---|
| Petitioner, | CIVIL ACTION NO. 19-1461 |
| v. | |
| THOMAS MCGINLEY, et al., | |
| Respondents. | |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                             July 14, 2021

Petitioner Kalvin Bishop pled guilty to third-degree murder, aggravated assault, and possessing an instrument of crime before the Honorable Lillian Ransom in the Philadelphia Court of Common Pleas.[1] He was sentenced to $22^{1}/_{2}$ to 45 years of imprisonment. Petitioner has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.

The Petition was referred to Magistrate Judge Linda K. Caracappa, who submitted a Report and Recommendation ("R&R") that the habeas petition be denied without the issuance of a certificate of appealability. Petitioner filed objections to the R&R. For the reasons stated below, the Court will overrule the objections and adopt and approve the R&R.

### I. BACKGROUND

On April 17, 2012, Petitioner shot and killed Shirley Warthen and wounded Lucrecia Phillips.[2] On December 2, 2013, Petitioner appeared before Judge Ransom for trial, and jury

---

[1] *See* CP-51-CR-0011808-2012 at 4; *see also* N.T. 12/3/13.

[2] *See* N.T. 12/3/13 at 20–30.

selection commenced.[3] Later that day, trial counsel discussed with Petitioner the possibility of accepting a plea offer of 25 to 50 years, but Petitioner was not willing to accept those "numbers."[4] The following day, Judge Ransom offered to "have a discussion with" Petitioner "about his decision" in open court.[5] During this hearing, the Commonwealth stated that the plea offer had been updated to "22-and-a-half to 45 today if he pleads today." Based on this updated plea offer, Judge Ransom told Petitioner:

> Now what I want you to be sure that you understand is that should the jury listen to the various witnesses including the four people that apparently know you and observed you shooting the two people here and with the death resulting for one of them, well, what I can tell you is that I never know what a jury is going to do. But the chances are – put it this way. I would not be surprised if they returned a verdict of guilty on the murder in the first degree. If that were to happen, I have no choice but to sentence you to life in prison without parole.[6]

After Petitioner consulted with counsel, he entered a negotiated guilty plea to the charges of third-degree murder, aggravated assault, and possessing an instrument of crime, in exchange for which he received the negotiated sentence of 22½ to 45 years of imprisonment.[7] Petitioner participated in an oral plea colloquy with Judge Ransom, and signed a written colloquy.[8] He affirmed that he understood the plea, was not under the influence of any mind-altering substances, was waiving his right to a trial by jury, and was satisfied with his representation by counsel.[9]

---

[3] *Id.*

[4] *See* N.T. 12/3/13, [Exhibit A, Doc. No. 20] at 3–6.

[5] *Id.* at 3

[6] *Id.* at 7.

[7] Doc. No. 14-1 at 1.

[8] *See id.* at 2.

[9] *See* PCRA Op. 5/17/17 at 7–8; N.T. 12/3/13, 11–18.

Petitioner did not file post-sentence motions or a direct appeal. On November 18, 2014, petitioner filed a timely *pro se* petition for collateral review under the Pennsylvania Post-Conviction Relief Act ("PCRA"). Counsel was appointed, and subsequently filed a no-merit letter pursuant to *Commonwealth v. Finley* and a petition to withdraw.[10] The PCRA court filed a notice of intent to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 907.

On April 24, 2017, the PCRA court dismissed Petitioner's PCRA petition and the Superior Court affirmed the decision. On March 26, 2019, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal. While the request for allowance of appeal was pending, Petitioner filed a second *pro se* PCRA petition, which was dismissed as untimely.

Petitioner then filed a *pro se* Petition for Writ of Habeas Corpus.[11] Petitioner asserts the following claims:

(1) Petitioner's plea was unknowing, involuntary, and unintelligent due to plea counsel's ineffective assistance;

(2) Ineffective assistance of plea counsel for failing to object to the trial judge's unconstitutional participation during plea proceedings which coerced petitioner into pleading guilty;

(3) Ineffective assistance of plea counsel for failing to withdraw petitioner's guilty plea and file a direct appeal;

(4) Ineffective assistance of PCRA counsel for failing to develop, investigate, prepare an amended petition and for filing a Finley letter;

(5) Ineffective assistance of PCRA counsel for failing to challenge petitioner's "two mandatory sentences as being unconstitutional and void ab initio";

(6) The PCRA court denied petitioner [an] adequate 907 notice; and

---

[10] 550 A.2d 213 (1988).

[11] Doc. Nos. 1, 7.

(7) The Superior Court erred in finding three of petitioner's claims were waived.[12]

The Petition was referred to Magistrate Judge Caracappa, who issued an R&R recommending that the Amended Petition be denied because each claim was either meritless or noncognizable.[13] Petitioner filed timely objections, challenging the R&R's dismissal of claims one and two.[14] Petitioner has also requested a stay and abeyance to allow him to pursue a new claim in state court and filed a motion requesting the order of his psychiatric records.[15]

## II. LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petition for a writ of habeas corpus may not be granted as to any claim that was adjudicated on the merits in State court proceedings unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[16]

Where, as here, the petition is referred to a magistrate judge for a report and recommendation under 28 U.S.C. § 636(b)(1)(B), a district court will review *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is

---

[12] R&R [Doc. No. 22] at 2–3.
[13] *See id.* at 1.
[14] *See* Doc. No. 26.
[15] *See* Doc. Nos. 27, 38.
[16] 28 U.S.C. 2254(d).

4

made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[17]

## III. DISCUSSION

Petitioner initially asserted five ineffective assistance of counsel claims and two state-law challenges. However, Petitioner objects only to the R&R's determination that 1) trial counsel was not ineffective for failing to conduct a reasonable pretrial investigation before encouraging Petitioner to take a guilty plea deal; and 2) that trial counsel was not ineffective for failing to object to the trial judge's "unconstitutional participation" during plea proceedings which allegedly coerced petitioner into pleading guilty.[18]

Petitioner does not object to the R&R's analysis of claims four, five, six, and seven—which include claims for ineffective assistance of PCRA counsel and state law challenges. The Court accepts the R&R as to these claims.[19]

Ineffective assistance of counsel claims are evaluated under the two-prong test established by the Supreme Court in *Strickland v. Washington*.[20] Under *Strickland*, counsel is

---

[17] 28 U.S.C. § 636(b)(1).

[18] Doc. No. 26.

[19] Petitioner's claims four, five, six, and seven were all found by the R&R to be either meritless or noncognizable. This Court agrees and finds that Petitioner's ineffective assistance claims against PCRA counsel are meritless and the state court's determination that PCRA counsel's decision to file a *Finley* letter was not unreasonable. As discussed below, trial counsel was not ineffective and there were no meritorious claims for PCRA counsel to assert. The Court also agrees with the R&R that Petitioner's claim that PCRA counsel was ineffective for failing to challenge Petitioner's sentence is procedurally defaulted. The state court found that Petitioner had waived this claim because he did not raise it in his response to the Rule 907 notice. Because a federal habeas court may not "reexamine state-court determinations on state-law questions[,]" this court is bound by the state court's determination that petitioner waived his claim, and therefore finds it is procedurally defaulted. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Finally, Petitioner's two remaining claims are noncognizable because they assert state law violations and cannot be reviewed by this court on federal habeas review because AEDPA only provides relief if a conviction has been obtained in violation of a person's federal constitutional rights. 28 U.S.C. § 2254(a).

[20] 466 U.S. 668 (1984).

5

presumed to have acted reasonably and effectively unless a petitioner demonstrates that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the petitioner.[21] To establish deficiency, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness."[22] To demonstrate prejudice, "the petitioner must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"[23] For example, "[a]n attorney cannot be ineffective for failing to raise a claim that lacks merit," because in such cases, the attorney's performance is not deficient, and would not have affected the outcome of the proceeding.[24]

### A. Petitioner's Claim that Trial Counsel was Ineffective for Inducing an Unknowing, Involuntary, and Unintelligent Guilty Plea[25]

Petitioner asserts that trial counsel was ineffective by failing to conduct a reasonable pretrial investigation and develop every possible trial defense, which Petitioner alleges led to his unknowing, involuntary, and unintelligent guilty plea.[26] Petitioner contends that trial counsel did not interview witnesses, or reasonably investigate possible defenses before advising Petitioner to enter a guilty plea and that counsel was aware that petitioner was "heavily medicated" and "receiving Celexa and Risperdal for his mental health issues" at the time he entered the plea.[27]

---

[21] *Id.* at 687.

[22] *Porter v. McCollum*, 558 U.S. 30, 38 (2009) (quoting *Strickland*, 466 U.S. at 688).

[23] *Albrecht v. Horn*, 485 F.3d 103, 127 (3d Cir. 2007) (quoting *Strickland*, 466 U.S. at 694).

[24] *Singletary v. Blaine*, 89 F. App'x 790, 794 (3d Cir. 2004).

[25] Petitioner's first claim of plea counsel's ineffective assistance is raised again fully in petitioner's third claim; thus, the court will address claims one and three of plea counsel's ineffectiveness as one claim.

[26] Doc. No. 7-1 at 2.

[27] Doc. No. 6 at 10–11.

The Superior Court affirmed the PCRA court's determination that this claim was meritless because the records indicated that prior to entering the guilty plea, Petitioner had extensive conversations with both trial counsel and his mother, underwent a lengthy colloquy during which he averred that he was not under the influence of any mind-altering substance, and stated that he was satisfied with trial counsel's representation.[28] The R&R concluded that the state court was not unreasonable in its determination that that Petitioner did not meet his heavy burden of challenging the voluntary nature of a guilty plea.

The Third Circuit has noted that factual admissions made during a plea colloquy "carry a strong presumption of verity."[29] Indeed, "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."[30] Additionally, determinations of factual issues by state courts are presumed to be correct, and a defendant "ha[s] the burden of rebutting the presumption of correctness by clear and convincing evidence."[31]

Here, in both the written and oral colloquy, Petitioner stated that he was knowingly and voluntarily entering his guilty plea.[32] Petitioner offers no evidence that he was taking medication at the time of his plea or, if he were, that the medication rendered his plea unknowing and

---

[28] N.T. 12/3/13, 11–18; PCRA Op. 5/17/17 at 7–8.

[29] *See e.g.*, *United States v. James*, 928 F.3d 247, 256 (3d Cir. 2019) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

[30] *Id.*

[31] *See* 28 U.S.C. § 2254(e)(1).

[32] *See* Doc. No. 14-1.

involuntary.³³ In fact, the Court inquired if he was taking any prescription medication, and he responded that he was not.³⁴ In his objections, Petitioner presents no additional evidence as to why the Court should disregard his waiver of rights associated with his plea agreement.³⁵ The state court could, and did rely on Petitioner's plea colloquy as evidence that Petitioner knowingly, voluntarily, and intelligently entered into his plea and that Petitioner was satisfied with the work of counsel.³⁶

Additionally, despite Petitioner's argument that trial counsel was unprepared, the record reflects trial counsel was ready to begin trial if Petitioner did not want to take the plea deal.³⁷ Petitioner cannot therefore meet the first requirement under *Strickland*, and the Court is unable to conclude that the state court was unreasonable in upholding the PCRA court's findings.³⁸ Petitioner's objections are overruled.

Additionally, although not specifically objected to, Petitioner argues that trial counsel was ineffective by not withdrawing his guilty plea and for not filing a direct appeal. The state

---

³³ Petitioner has filed a motion requesting an "order for psych records." Doc. No. 38. Petitioner requests these records to show that he was prescribed Risperdal and Celexa prior to and during the plea proceeding. As discussed, the record does not support Petitioner's assertion and even if it did, the Court's analysis of the validity of his guilty plea would not change. The Court denies this motion on the merits.

³⁴ *See* N.T. 12/3/13 at 7, 11–18.

³⁵ *United States v. Gwinnett*, 483 F.3d 200, 206 (3d. Cir. 2007).

³⁶ PCRA Op. 5/17/17 at 7–8.

³⁷ The record reflects that trial counsel discussed possible defenses with Petitioner and that trial counsel "had [already] prepared" to cross examine the government's witnesses. *See* N.T. 12/3/13 at 4, 8–10, 13–17.

³⁸ *See, e.g.*, *Thier v. United States*, 31 F. Supp. 2d 424, 430 (M.D. Pa. 1998) (finding an attorney was not ineffective for failing to conduct sufficient research prior to encouraging him to accept a plea offer); *See Mullins v. Rozum,* No. 11-2504, 2011 WL 6812888 (E.D. Pa. Dec. 28, 2011) (dismissing a claim of ineffective counsel for failure to research defenses, even once trial had begun). In addition, given the strength of the prosecution's evidence, including eyewitnesses who knew Petitioner, Petitioner cannot demonstrate prejudice.

8

court found both claims to be meritless on the grounds that Petitioner "provided no support for this claim other than his self-serving claims."[39]

The Court has found no evidence in the record that Petitioner asked counsel to attempt to withdraw the guilty plea or to file a direct appeal.[40] Furthermore, in order to prevail under these claims, Petitioner would have to show that his plea was made involuntarily, unknowingly, and unintelligently—something Petitioner is unable to do.[41] Under the plea agreement, Petitioner could only appeal if "I did not know what I was doing when I pled guilty, or somebody forced me to do it—it was not voluntary."[42] The state court's determination that trial counsel had no rational basis for thinking Petitioner would have wanted to withdraw the plea and file an appeal therefore was not unreasonable.[43] Finally, because the record establishes that Petitioner's guilty plea was entered voluntarily, knowingly, and intelligently, he is unable to show he was prejudiced by either of these actions. The objections are overruled.

**B. Petitioner's Claim that Trial Counsel was Ineffective for Failing to Object to the Judge's Participation in the Plea Proceedings**

Petitioner asserts that trial counsel was ineffective by failing to object to the trial judge's participation in plea proceedings, which he alleges coerced him into pleading guilty.[44]

---

[39] PCRA Op. 5/17/17 at 9.

[40] *See Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000) (concluding that when there is no evidence indicating a Petitioner asked his trial counsel to file a direct appeal, counsel will only be deemed ineffective if there is a reason to think a rational defendant would want to appeal or the defendant reasonably demonstrated to counsel that he was interested in appealing).

[41] PCRA Op. 5/17/17 at 9–10.

[42] Doc. No. 14-1 at 5.

[43] *See Roe*, 528 U.S. at 480 (stating the federal standard for showing ineffective counsel for failing to file a direct appeal provides that counsel "performs in a professionally unreliable manner only by failing to follow the defendant's express instructions with respect to an appeal.").

[44] *See* Doc. No. 6 at 7–8.

Specifically, he contends that the trial judge's statements indicated that "refusal to accept the judge's preferred outcome would have been punished."[45] The PCRA court determined that the trial judge did not participate in the plea negotiations but "simply commented on the fact that [petitioner] faced a possible life sentence if convicted of first-degree murder after plea negotiations had concluded."[46]

Courts do not promote judicial participation in the plea process, for fear that a "judge's power over the accused makes his participation in plea negotiations inherently coercive."[47] "Participation," in this sense, means working with parties to set the terms of the plea agreement, or advocating in favor of the plea.[48] The Third Circuit, however, has held that trial judges may discuss the differences of a negotiated plea in relation to the maximum possible sentence the defendant might face if he decided to proceed to trial.[49] Thus, "isolated remarks, including the reference to a 'significant savings,' constitute merely an assessment of the negotiated sentence in light of [the possible maximum sentence]."[50]

The trial judge simply referred to information counsel had presented about the four eyewitnesses who were going to testify and that if the jury found Petitioner guilty of shooting two people, one resulting in death, the court would not be surprised if the jury returned a first-

---

[45] *See id.* at 11–12
[46] PCRA Op. 5/17/17 at 11.
[47] *United States v. Ebel*, 299 F.3d 187, 191 (3d Cir. 2002).
[48] *See United States v. Burnett*, No. 13-2231, 2013 WL 2333796, at *3–4 (E.D. Pa. May 22, 2013).
[49] *See In re Burnett*. 537 F. App'x. 30, 32 (3d Cir. 2013).
[50] *United States v. Burnett*, 2013 WL 2333796 at *3.

degree murder conviction.[51] Further, Petitioner presents no evidence that the trial judge had any involvement in the actual plea negotiations. The record reflects that the trial judge learned about the updated plea offer of 22½ to 45 years during the proceedings in open court.[52] The trial judge also explicitly stated that Petitioner was free to make his own choice about the plea.[53]

There is no support in the record for the contention that the trial judge coerced Petitioner into entering into a guilty plea or that her questioning amounted to "an ultimatum and not a choice of free will."[54] The PCRA court also found that Petitioner failed to argue that he was prejudiced by trial counsel not objecting to the trial court's comments. The state court's determination that due to the nature of this interaction, any objection by trial counsel would have been baseless was not contrary to, or an unreasonable application of, clearly established Federal law, and the state court was therefore not unreasonable in its application of the *Strickland*.[55] Petitioner's objection is overruled.

---

[51] N.T. 12/3/13, [Exhibit A, Doc. No. 20] at 7–8 ("I would have no choice but to sentence you to life in prison without parole.").

[52] N.T. 12/3/12 at 6–7.

[53] Doc. No. 6 at 9 ("[A]t the end of the day, [Petitioner] has to make the decision, and we'll do, you know, whatever he wants to do.").

[54] *See* Doc. No. 26 at 8.

[55] *United States v. Brown*, 595 F.3d 498, 521 (3d Cir. 2010) (concluding that when "the plea negotiations were over [] there was no risk that judicial pressure was going to influence the outcome of those negotiations."); *Hickson v. Kerestes*, Case No. 13-1417, [Doc. No. 13] at 20 (E.D. Pa. Dec. 30, 2014) ("It is not unreasonable to conclude that [counsel] performed with reasonable competence in his representation of [Petitioner] when he did not object to [the judge's] speech to [Petitioner] concerning the possible sentences he could face if convicted."); *Mackey v. Garman*, No. 16-5337, 2019 WL 8356735, at *9 (E.D. Pa. Aug. 9, 2019), R&R approved and adopted by Order, 2020 WL 1666515 ("The fact that the trial judge informed Petitioner of the comparative sentence exposure if he were convicted at trial and accepting a plea offer was not an improper interjection into the plea negotiating process.").

### C. Motion to Stay Habeas Proceedings

Petitioner has also requested a stay and abeyance to allow him to pursue a new claim in state court. In his state court petition, Petitioner asserts that "[o]n December 3, 2012, in exchange for a negotiated guilty plea" he "was ordered to pay the amount of $3,000.00 in restitution for 3rd Degree Murder, Aggravated Assault and Possession of a Firearm."[56] Petitioner's new claim is based on the Pennsylvania Supreme Court's recent decision in *Commonwealth v. Ford*, which held that a defendant's sentence is illegal when the trial court imposes a non-mandatory fine without record evidence that the defendant is able to pay the fine.[57] Petitioner's argument is that because the state trial court did not determine on the record whether he had the ability to pay the restitution, his sentence should be deemed illegal.

The Third Circuit has explained that a "stay and abeyance may be granted only where: (1) good cause exists for the petitioner's failure to exhaust all claims, (2) the unexhausted claims are not 'plainly meritless,' and (3) there is an absence of any indication that the petitioner is engaged in 'potentially dilatory tactics.'"[58]

Petitioner's unexhausted claim—that the trial court did not determine his ability to pay restitution—is "plainly meritless" because the *Ford* holding was limited to a trial court's imposition of a non-mandatory fine. Here, the restitution Petitioner was ordered to pay was mandatory under Pennsylvania law. As the Pennsylvania Supreme Court explained in *Ford*, the Pennsylvania General Assembly provided that courts must order full restitution "[r]egardless of

---

[56] Ex. A, "Petition for Stay of Obeyance" [Doc. No. 27].
[57] *See* 217 A.3d 824, 831 (Pa. 2019).
[58] *McLaughlin v. Shannon*, 454 F. App'x 83, 86 (3d Cir. 2011) (quoting *Rhines v. Weber,* 544 U.S. 269, 278 (2005)).

the current financial resources of the defendant."[59] Because Petitioner's claim is "plainly meritless," the Court will deny his "Petition for Stay of Obeyance."[60]

IV. **CONCLUSION**

For the reasons stated above, the court overrules Petitioner's objections and approves and adopts the R&R. The Amended Petition for Writ of Habeas Corpus is denied and there is no basis for the issuance of a certificate of appealability. An order will be entered.

---

[59] *Ford*, 217 A.3d at 829 n.11 (quoting 18 Pa. C.S. § 1106(c)(1)(i)); *see also Commonwealth. v. Moss,* 2020 WL 89205, at *4 n.8 (Pa. Super. Ct. Jan. 6, 2020).

[60] Because both Petitioner's Amended Habeas Petition and his Petition for Stay in Obeyance are denied, the Court will deny his pending motion requesting psych records. As discussed above, this motion is meritless and there is no basis for the request.